UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **EARL ROBINSON, JR.**<br>    **LA. DOC #390863**<br>**VS.** | **CIVIL ACTION NO. 5:15-cv-2048**<br><br>**SECTION P**<br><br>**JUDGE ELIZABETH E. FOOTE** |
| **WARDEN BURL CAIN** | **MAGISTRATE JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

*Pro se* petitioner Earl Robinson, Jr., an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on July 13, 2015. Petitioner attacks his 1997 convictions for attempted aggravated rape and other unspecified crimes and the sentences totaling 45 years imposed by Louisiana's Thirteenth Judicial District Court, Evangeline Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be deemed **SUCCESSIVE** and **TRANSFERRED** to the United States Fifth Circuit Court of Appeals for further proceedings.

### *Statement of the Case*

Petitioner was indicted by the Evangeline Parish Grand Jury and charged with multiple counts of aggravated rape in Case No. CR 56005 of the Thirteenth Judicial District Court. On December 23, 1997, he pled guilty to three counts of attempted aggravated rape and "seven (7) lesser included offenses" and, in accordance with a plea agreement sentences totaling 45 years were imposed. [Doc. 1-2, p. 5]

He did not appeal. His subsequent applications for post-conviction relief were ultimately denied by the Thirteenth Judicial District Court, the Third Circuit Court of Appeal, and the Louisiana Supreme Court. *See State of Louisiana ex rel. Earl A. Robinson v. State of Louisiana*, 2003-3122 (La. 11/24/2004), 888 So.2d 221.

On December 21, 2004, petitioner filed a *pro se* petition for *habeas corpus* pursuant to 28 U.S.C. §2254 in this Court. Petitioner attacked the attempted aggravated rape convictions and the sentences imposed by the Thirteenth Judicial District Court. On July 28, 2005, his petition was dismissed with prejudice as time-barred by the provisions of 28 U.S.C. §2244(d). *Earl A. Robinson, Jr. vs. Warden, Louisiana State Penitentiary*, Civil Action No. 6:04-cv-2594 at Docs. 1 (petition), 6 (Report and Recommendation), 8 (Judgment). On February 23, 2006, the United States Fifth Circuit Court of Appeals denied a Certificate of Appealability. *Earl A. Robinson v. Burl Cain, Warden, Louisiana State Penitentiary*, No. 05-30887.

Thereafter his efforts to obtain post-conviction or *habeas corpus* relief in the Thirteenth Judicial District Court, the Twentieth Judicial District Court, the Third Circuit Court of Appeal, the First Circuit Court of Appeal and the Louisiana Supreme Court were unsuccessful. *See State of Louisiana ex rel. Earl A. Robinson v. State of Louisiana*, 2007-1493 (La. 4/18/2008), 978 So.2d 346 (application for post-conviction relief denied as repetitive and untimely); *State of Louisiana ex rel. Earl A. Robinson v. State of Louisiana*, 2009-1472 (La. 4/9/2010), 31 So.3d 387 (application for post-conviction relief denied as untimely and for raising sentencing error); *State of Louisiana ex rel. Earl A. Robinson v. State of Louisiana*, 2013-2562 (La. 7/31/2014), 146 So.3d 204 (application for habeas corpus in the Twentieth Judicial District Court, and the First Circuit Court of Appeal denied without comment by the Louisiana Supreme Court.)

As previously noted, petitioner filed the instant petition for writ of *habeas corpus* on July 13, 2015. Petitioner once again attacks his convictions in the Thirteenth Judicial District Court raising a single claim for relief, namely that the Thirteenth Judicial District Court lacked subject matter and personal jurisdiction because petitioner was illegally extradited from the State of Montana. [Doc. 1, ¶12 and Doc. 1-2, p. 10]

### *Law and Analysis*

Title 28 U.S.C. §2244(b)(3)(A) provides, "Before a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

A *habeas corpus* petition is not second or successive simply because it follows an earlier federal petition. *In re: Cain*, 137 F.3d 234, 235 (5th Cir.1998). However, the later petition is successive when it: "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Id.* The Fifth Circuit has also found that "an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. §2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 774 fn. 7 (5th Cir.1999) citing *Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996). Under this approach, the key issue is whether or not the first petition was adjudicated on the merits. A *habeas* petition dismissed as time-barred is considered as having been adjudicated on the merits for the purposes of the gate-keeping rules on successive petitions. *In re: Flowers*, 595 F.3d 204 (5th Cir. 2009)

Petitioner's first petition was dismissed as time-barred. Petitioner now raises claims that

were or could have been raised in his previous petition. This petition is therefore successive. Petitioner has not yet applied for or received permission from the Court of Appeals to file this successive petition in the District Court and therefore this Court lacks jurisdiction to adjudicate his successive *habeas* claims.

*In re: Epps*, 127 F.3d 364 (5th Cir.1997) outlines the procedure to be used when a district court determines that transfer of a successive *habeas corpus* petition to the Court of Appeals is appropriate. Further, transfer is authorized by 28 U.S.C. §1631 which provides in pertinent part, "Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed or noticed, and the action ... shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred."

Section 2244(b) divests this Court of jurisdiction to consider petitioner's successive *habeas* petition until such time as the Court of Appeals authorizes such a filing; transfer pursuant to 28 U.S.C. §1631 is appropriate.

Therefore,

**IT IS RECOMMENDED** that petitioner's petition for *habeas corpus* be deemed successive and that it be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. §1631 for further proceedings in accordance with the provisions of 28 U.S.C. § 2244(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved

by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See*, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

In Chambers, Monroe , Louisiana, October 5, 2015.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**